IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AFFINITY PRODUCTION CO., LLC, a Nebraska Limited Liability Co., <br><br>Plaintiff and Counterdefendant, <br><br>v. <br><br>CSS FARMS, INC., a South Dakota Corporation doing business in Nebraska, <br><br>Defendant and Counterclaimant, <br><br>v. <br><br>DANIEL KOCH, an Individual, <br><br>Counterdefendant. | CASE NO. 8:08CV449 <br><br><br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Counterclaimant's Motion for Summary Judgment against Counterdefendants (Filing No. 53). Counterclaimant CSS Farms, Inc. ("CSS Farms"), is seeking judgment against Counterdefendants Affinity Production Co., LLC ("Affinity"), and Daniel Koch ("Koch"), in the amount of $117,241.09, plus prejudgment interest at the rate of 1.0% per month, and attorneys' fees. For the reasons set forth below, the Motion will be granted in part.

PROCEDURAL BACKGROUND

Affinity, a Nebraska Limited Liability Company, whose members are residents of Nebraska, brought this action against CSS Farms, a South Dakota corporation, in the District Court of Douglas County, Nebraska, on September 3, 2008. Affinity alleged that CSS Farms committed an anticipatory breach of its contract to deliver potatoes to Affinity and intentionally interfered with Affinity's valid business expectancy, specifically its

expectation that it would sell its business to a third party. (Complaint, Filing No. 1-2). CSS Farms removed the action to this Court, invoking the Court's diversity jurisdiction, and brought counterclaims against Affinity and Koch, a principal and member of Affinity. (Notice of Removal, Filing No.1; Answer to Complaint and Counterclaim, Filing No. 15).

The Counterclaim is entitled as one "To Enforce Payment From Produce Trust" (Filing No. 15, p.8), and CSS Farms invokes the Court's subject matter jurisdiction pursuant to the Perishable Agricultural Commodities Act, at 7 U.S.C. § 499e(c)(5) ("PACA"), and 28 U.S.C. § 1331. CSS Farms presents four separate counts within the Counterclaim, however, only three of which concern PACA: (1) failure of Affinity and Koch to make payment to CSS Farms from an alleged statutory trust created pursuant to PACA; (2) failure of Affinity and Koch to pay CSS Farms for goods sold by CSS Farms and received by Affinity and Koch; (3) unlawful dissipation of PACA trust assets by Koch; and (4) prejudgment interest at the rate of 1.5% per month and attorney's fees based on Affinity and Koch's alleged PACA violations. (Filing No. 15, pp. 10-11). Attached to CSS Farms' Answer to Complaint and Counterclaim are a Purchase Agreement for chipping potatoes (Filing No. 15-2), an unsigned Contract Addendum (Filing No. 15-3), and 31 invoices, dated from January 14 to February 13, 2008, for bulk potatoes sold to Affinity (Filing No. 15-4).

On June 19, 2009, CSS Farms moved for summary judgment on its counterclaim. (Filing No. 53). In the Motion, CSS Farms withdraws the portion of its counterclaim related to one invoice in the amount of $2,891.75 (Filing No. 15-4, p.20), noting that the invoice was from CSS Potato Farms, LLC, and not CSS Farms, Inc. (Filing No. 53, p.1, n.1). CSS Farms also seeks interest at the rate of 1.0% per month (Filing No. 53, p.2), as reflected

on the invoices (Filing No. 15-4), and not 1.5% per month as stated in Count Four of the Counterclaim.

## FACTS

### *Uncontroverted Facts*

The pleadings and the parties' briefs (Filing Nos. 54, 72, and 75), submitted in compliance with NECivR 56.1, demonstrate that the following facts are not in dispute:

CSS Farms is a South Dakota corporation engaged in the business of selling wholesale quantities of produce in interstate commerce, and at all relevant times was subject to and licensed under PACA. Affinity was a dealer of produce and at all relevant times licensed under PACA as a dealer. Koch was a principal of Affinity. (Filing No. 54, p. 2, ¶¶ 1-3; Filing No. 72, p. 2, ¶¶ 1-3).

In or about October 2007, Affinity and CSS Farms entered into a written Purchase Agreement whereby CSS Farms was to deliver potatoes to Affinity from October 14, 2007, through April 30, 2008. (Complaint, Filing No. 1-2, ¶ 4; Answer, Filing No. 15, ¶ 4; "Purchase Agreement," Filing No. 15-2). The Purchase Agreement provided that Affinity would pay CSS Farms within 28 days after receipt and acceptance of potatoes, and that Affinity would pay a 1% monthly charge "on all payments past 28 days." (*Id.*)

In January and February of 2008, CSS Farms sold and delivered to Affinity wholesale lots of potatoes worth $117,241.09, and Affinity accepted the potatoes. (See Filing No. 54, p.2, ¶¶ 4-5; Filing No. 72, p. 2, ¶¶ 4-5). CSS Farms included on its invoices language purporting to create a PACA trust, and language providing for the payment of prejudgment interest at the rate of 1.0% per month and attorneys' fees on all delinquent

accounts. The invoices also stated that payment was due 28 days after receipt and acceptance of the potatoes. (See Filing No. 15-4).

During the course of the parties' dealings, Affinity's account was in arrears at certain times, and CSS allowed Affinity to make payment arrangements. The Purchase Agreement allowed CSS to terminate the contract for nonpayment. (Complaint, Filing No. 1-2, ¶ 14; Purchase Agreement, Filing No. 15-2). Affinity experienced cash flow problems in late 2007, and was not able to make its payments to CSS Farms within the 28-day period stated on the invoices. CSS Farms sent two e-mails to Affinity on January 10 and 31, 2008, purporting to set "Date[s] Due" for payments from Affinity, different from the 28-day payment deadlines indicated on the invoices and in the Purchase Agreement. (See Filing No. 73-2, CM/ECF pp. 6-7). Some of the potatoes delivered by CSS Farms to Affinity were delivered more than 30 days before the payment-due dates indicated in the e-mails. (Filing No. 72, p. 3, ¶ 10; Filing No. 75, p. 2, ¶ 10).

On February 15, 2008, CSS Farms sent Affinity a letter stating that the parties' "Purchase Agreement for chipping potatoes with delivery dates from October 14, 2007 through April 30, 2008" was terminated due to Affinity's overdue payments. (Filing No. 73-3, CM/ECF p. 21).

*Controverted Matters*

Affinity contests CSS Farms' position that the transactions were made in interstate commerce as defined in 7 U.S.C. § 499a(3), noting that the potatoes were grown and delivered in Nebraska. (Filing No. 72, p. 2, ¶ 4). Affinity also disputes CSS Farms' contention that the amounts due for the potatoes are protected under PACA, asserting that the e-mail communications sent to Affinity by CSS Farms created a new contract that

4

provided for payment for at least some of the potatoes more than 30 days after delivery.[1] (Filing No. 72, p. 3, ¶ 9; Filing No. 73-2, CM/ECF pp. 6-7).

CSS Farms acknowledges that the original Purchase Agreement was amended, but asserts that the amendment took place on or about December 27, 2008,[2] memorialized in an unsigned and undated document. (Attachment B to Answer to Complaint & Counterclaim, Filing No. 15-3). CSS Farms also asserts that the parties at all times intended that PACA trust rights apply to the delivery of all potatoes by CSS Farms to Affinity. (Filing No. 75, p. 4). Finally, in its reply brief, supported by a supplemental index of evidence, CSS Farms asserts that even if the e-mail communications did establish new payment dates more than 30 days beyond delivery for some of the potatoes, taking those transactions outside the scope of PACA, the e-mails did not extend the payment due dates beyond 30 days of the delivery for $79,505.76 worth of potatoes. (Filing No. 75, pp. 9-10).

## STANDARD OF REVIEW

Summary judgment is only proper when the Court, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in the nonmoving party's favor, determines the evidence "show[s] that there is no genuine issue

---

[1] See 7 C.F.R. § 46.46(e)(2): "The maximum time for payment for a shipment to which a seller, supplier, or agent can agree and still qualify for coverage under the [PACA] trust is 30 days after receipt and acceptance of the commodities . . . ."

[2] See CSS Farms' Reply Brief, Filing No. 75, p. 5, cross-referencing Affinity's Complaint, Filing No. 1-2, ¶ 12, both referring to "December 17, 2008." It appears, however, that the undated Contract Addendum (Filing No. 15-3) was prepared on or about December 17, 2007, and not 2008. See CSS Farms' Answer referencing a date of December 17, 2007, for the amended agreement (Answer, Filing No. 15, ¶ 12), and Affinity's Brief in Opposition to Motion for Summary Judgment, Filing No. 72, p.3, ¶ 8.

as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Semple v. Federal Exp. Corp.*, 566 F.3d 788, 791 (8th Cir. 2009) (quoting *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987)). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Id.* Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "a genuine issue of material fact such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alitcor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The nonmoving party is required to demonstrate a "genuine issue of material fact" that is outcome determinative–"a dispute that might 'affect the outcome of the suit under the governing law . . . .'" *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1030 (8th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1985)). Thus, a "genuine issue" is more than "some metaphysical doubt as to the material facts," *Nitro Distrib.,* 565 F.3d at 422 (quoting *Matsushita*, 475 U.S. at 586-87), and "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Bloom*, 440 F.3d at 1029-30 (emphasis and quotation marks removed) (quoting *Anderson*, 477 U.S. 247-48).

**DISCUSSION**

Affinity does not deny that it failed to pay CSS Farms for produce delivered after January 13, 2008. (See Affinity's Reply to Counterclaim, Filing No. 20, ¶10). Affinity does not deny that CSS Farms sold to Affinity wholesale lots of potatoes worth $117,241.09, and that CSS duly delivered the potatoes to Affinity, which Affinity accepted. (Filing No. 54, p.2, ¶¶ 4-5; Filing No. 72, p. 2, ¶¶ 4-5). The issues of law and of fact raised by Affinity and Koch in response to CSS Farms' Motion for Summary Judgment all concern the application of PACA. Affinity has not met its burden of producing specific facts to demonstrate any genuine issue of material fact with respect to Count Two of CSS Farms' Counterclaim, "Failure to Pay for Goods Sold."

Article II of the Uniform Commercial Code applies to all transactions in goods. Neb. Rev. Stat. U.C.C. § 2-102. The U.C.C. definition of goods includes produce. § 2-105(1). Neb. Rev. Stat. U.C.C. § 2-607(1) provides: "The buyer must pay at the contract rate for any goods accepted." Affinity accepted potatoes delivered by CSS Farms and did not pay for them at the contract rate of $117,241.09. CSS Farms is entitled to judgment as a matter of law against Affinity on Count Two of the Counterclaim.

With respect to all claims against Koch, and the remaining claims against Affinity, based on PACA, genuine issues of material fact remain for trial, including but not limited to whether the e-mails sent by CSS Farms to Affinity modified the October 2007 contract and provided for Affinity to make payment for potatoes more than 30 days after delivery, disqualifying such shipments from coverage under any PACA trust.

IT IS ORDERED:

1. Defendant and Counterclaimant CSS Farms, Inc.'s Motion for Summary Judgment Against Counterdefendants (Filing No. 53) is granted in part, as follows:

    CSS Farms, Inc.'s Counterclaim against Plaintiff and Counterdefendant Affinity Production Co., LLC, based on failure to pay for goods sold, set forth in Count Two of the Counterclaim, is granted in the amount of $117,241.09; and

2. The Motion is otherwise denied.

DATED this 21st day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge